```
United States District Court
Southern District of New York
------------------------------------X
M.A.,
     Individually and on behalf
     of her minor child, W.A.,

                    Plaintiff,

          v.                              10 Civ. 3646 (DAB)
                                          ADOPTION OF REPORT
                                          AND RECOMMENDATION
NEW YORK DEPARTMENT OF EDUCATION,
     et al.,

                    Defendants.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On September 5, 2013, United States Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report"), denying Defendants' Motion to Strike, recommending that Defendant's Motion for Summary Judgment be granted as to Plaintiffs' federal law claims, and recommending that Plaintiffs' state law claims be dismissed without prejudice to their refiling in state court.  (Report at 2, 50.) Plaintiffs filed timely Objections to the Report, and Defendants responded.

For the reasons set forth below, after conducting the appropriate levels of review following Plaintiffs' Objections, the Report shall be ADOPTED in its entirety.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment, dismissing Plaintiffs' federal law claims and declining to exercise supplemental jurisdiction over Plaintiffs' state law claims.

I.   FACTUAL BACKGROUND

The Report meticulously details the facts in this matter, and they will not be fully restated here.

In their Complaint, Plaintiffs allege that Defendants violated Section 504 of the Rehabilitation Act and the Americans with Disability Act ("ADA") when they discriminated against W.A. by (1) by excluding her from music class and other educational programs and (2) removing her to the hallway for separate instruction.  (Compl. ¶¶ 62-63, 68-69.) They also claim that Defendants impermissibly retaliated against Plaintiffs for M.A.'s advocacy of W.A.'s special education needs by "engaging in prohibited interference, coercion and/or intimidation," thereby violating the ADA.  (Compl. ¶ 74.) The purported retaliatory acts included McFadden's abuse of W.A., the failure of school administrators and teachers to report the abuse, and the aforementioned discriminatory acts.  None of Plaintiffs' discrimination claims relate to W.A.'s abuse or the failure to report it.

Additionally, Plaintiffs allege state law causes of action, namely intentional infliction of emotional harm, assault and battery, and negligent training and supervision of school personnel.  (Compl. ¶¶ 77-88.) These state law claims directly relate to the alleged physical and emotional injuries that McFadden inflicted upon W.A.  (<u>Id.</u>)

2

## II. DISCUSSION

### A. Standard of Review for a Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

      B.    The Exhaustion Requirement Under the Individual with Disabilities Act ("IDEA")

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 112 (2d Cir. 2004); 20 U.S.C. § 1415(i)(2)(A). "Failure to exhaust the administrative remedies deprives the court of subject matter jurisdiction." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 246 (2d Cir. 2008). A court looks to the "theory behind the grievance" to determine whether the IDEA exhaustion requirement is triggered. Id. (quoting Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 486 (2d Cir. 2002)). This is such that "potential plaintiffs with grievances related to the education of disabled children generally must exhaust their administrative remedies before filing suit in federal court, even if their claims are formulated under a statute other than the IDEA (such as the ADA or the Rehabilitation Act)." Polera, 288 F.3d at 481; 20 U.S.C. § 1415(l).

Additionally, a plaintiff "may not bypass the IDEA's administrative exhaustion rule merely by claiming" damages that are "unavailable under the IDEA." Cave, 514 F.3d at 247. There are, however, three limited circumstances in which failure to exhaust, even though required, may be excused: "(1) it would be

futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." <u>Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.</u>, 297 F.3d 195, 199 (2d Cir. 2002).

### C.  Plaintiffs' Objections

Plaintiffs filed timely Objections, objecting to the Report's findings that they had not exhausted their administrative remedies and that the New York child abuse reporting requirement was not triggered.  They also object to the fact that the Report "disregarded Plaintiffs' 56.1 Statement" and recommended to decline exercising supplemental jurisdiction over Plaintiffs' state law claims.  (Pls.' Obj. 12.) The Court has reviewed for clear error the portions of the Report to which no Objections have been made and finds none.

#### 1.  Exhaustion of Administrative Remedies

Magistrate Judge Dolinger determined that, save the retaliation claims premised on alleged abuse and the failure to report such abuse, Plaintiffs' discrimination and retaliation claims related to W.A.'s educational opportunities and

Plaintiffs' procedural rights under the IDEA.[1] (Report 31-34.) Because Plaintiffs did not exhaust their administrative remedies nor was Plaintiffs' failure to exhaust excused, the Report recommended that Summary Judgment be granted as to those claims. (Report 31-34, 36-41.) However, Magistrate Judge Dolinger found that the exhaustion requirement did not apply to Plaintiffs' retaliation claims that Defendants physically and emotionally mistreated W.A., subjected her to McFadden's abuse, and failed to report such abuse. (Report 35-36.) The Report also recommended that the exhaustion requirement did not apply to Plaintiffs' state law claims. (Report 29 n. 11.)

In their Objection, Plaintiffs mistakenly assert that none of their claims relate to W.A.'s educational programs or accommodations and thereby do not require exhaustion.[2] (Pls.' Obj. 9.) The Report relied upon two cases in finding that exhaustion was required with respect to Plaintiffs' allegations pertaining to W.A.'s educational services. See Cave, 514 F.3d at 248-49 (holding that the exhaustion rule applies to services

---

[1] Upon a de novo review, the Court finds that the Report correctly determined that none of the alleged discriminatory acts related to McFadden's treatment of W.A.

[2] In their Objection, Plaintiffs admit that the instant matter is unrelated to prior administrative hearings. (Pls.' Obj. 9.) Plaintiffs, however, then argue that they did exhaust their administrative remedies concerning W.A.'s educational services. (Id. at 10.) To avoid confusion, after de novo review, this Court finds that the instant matter is unrelated to Plaintiffs' prior hearings.

designed to prepare students for "further education, employment, and independent living" (quoting 20 U.S.C. § 1400(d)(1)(A))); Polera, 288 F.3d at 488 (holding that claims relating to educational services require exhaustion).  While Plaintiffs correctly note that Cave and Polera are not dispositive with respect to the abuse W.A. endured, (Pls.' Obj. 9-11), they misinterpret Magistrate Judge Dolinger's findings.  The Report did not rely on Cave and Polera with respect to the claims related to the alleged abuses W.A. suffered and the failure to report such abuse.  Moreover, upon clear error review, the Report correctly determined that the exhaustion requirement did not apply to Plaintiffs' state law claims as well as their federal retaliation claims that Defendants physically and emotionally mistreated W.A., subjected her to McFadden's abuse, and failed to report such abuse.  See Xiang Li v. Rogers, No. 10 Civ. 803, 2011 WL 2432923, at *2 (N.D.N.Y. June 16, 2011) (applying clear error review where the objection made an argument premised on an incorrect summary of the report and recommendation).

Plaintiffs' next Objection asserts that the Report incorrectly found that W.A.'s exclusion from school activities, such as her removal to the hallway for separate instruction and her exclusion from music class, was subject to the exhaustion requirement.  (Pls.' Obj. 11.) Plaintiffs claim the Report erred

7

because "the denial of <u>access</u> to an appropriate educational program" is a Rehabilitation Act issue and not an IDEA issue. (Pls.' Obj. 11 (quoting <u>Gabel ex rel. L.G. v. Bd. of Educ. Of Hyde Park Cent. Sch. Dist.</u>, 368 F. Supp. 2d 313, 333-34 (S.D.N.Y. 2005)).) Although <u>Gabel</u> made that general statement, the court did not define "access." <u>Gabel</u>, 368 F. Supp. 2d at 321-322 (citing <u>Zahran ex rel. Zahran v. N.Y. Dep't of Educ.</u>, 306 F. Supp. 2d 204, 213 (N.D.N.Y. 2004)). <u>Zahran</u>, which <u>Gabel</u> cited to as the basis of its pronouncement, clarifies the meaning of "access." See <u>Zahran</u>, 306 F. Supp. 2d at 213. In <u>Zahran</u>, the court discussed "access" in terms of reasonable accommodations and the interplay among the Rehabilitation Act, ADA, and IDEA; the court explained,

> While reasonable accommodations must be offered to ensure meaningful access to the program, the [Rehabilitation Act and the ADA] do not require that substantial changes be made to the program itself. Therefore, under the disability discrimination statutes, a plaintiff may challenge access to, but not the content of, the programs at issue. Such is the distinction between claims made under the disability discrimination statutes and claims made under the IDEA.

<u>Id</u>. Thus, the "denial of access" is not whether W.A. received instruction in the hallway or was excluded from music class.[3]

---

[3] Moreover, <u>Gabel</u> distinguished the Rehabilitation Act from the IDEA because the former requires "a showing of discrimination, [and] it requires something more than proof of a mere violation of IDEA because 'a plaintiff must demonstrate that a school district acted with bad faith or gross misjudgment.'" <u>Gabel</u>, 368 F. Supp. 2d at 333-35. Plaintiffs make no such

8

Plaintiffs challenge the content of W.A.'s educational program and whether the program was the least restrictive environment; these claims thereby fall squarely within the IDEA and require exhaustion.

Since Plaintiffs did not exhaust their administrative remedies and were not excused from doing so, this Court lacks jurisdiction with respect to their claims regarding W.A.'s educational services.[4]  See Baldessarre v. Monroe-Woodbury Cent. Sch. Dist., 820 F. Supp. 2d 490, 505-09 (S.D.N.Y. 2011), aff'd, 496 F. App'x 131 (2d Cir. 2012).  However, as explained and in the Report, the exhaustion requirement does not apply to Plaintiffs' state law claims nor their federal retaliation claims that Defendants physically and emotionally mistreated W.A., subjected her to McFadden's abuse, and failed to report such abuse.

2.  Not Reporting McFadden's Abuse

While some of Plaintiffs' federal claims survived the exhaustion requirement, the Report recommended that those be

---

showing.

[4] Although Plaintiffs claim that they are excused from exhaustion under the futility exception, they merely rehash arguments previously made before Magistrate Judge Dolinger and thereby are reviewed for clear error.  (Compare Pls.' Obj. 11-12 with Pls.' Opp'n Summ. J. 13-14.) This Court finds none.

9

dismissed on the merits. Plaintiffs challenge only one these findings, namely the determination that Plaintiffs "failed to show that the New York child-abuse reporting requirement was in fact triggered in this case." (Report 46-47; Pls.' Obj. 13.) Plaintiffs generally argue that there is "ample support" to find that Defendants failed to report the suspected abuse in violation of the mandatory reporting law. Accordingly, this argument triggers clear error review, and the Court finds none.

      3.   Disregarding Plaintiffs' 56.1 Statement

Plaintiffs assert Magistrate Judge Dolinger "should have given more weight to the contents" of their 56.1 Statement and that if the court had done so, "the facts of the case would have supported a finding in favor of Plaintiffs." (Pls.' Obj. 12-13.) Before setting forth the factual background, Magistrate Judge Dolinger explained, "Rather than become mired in the incidental issue of whether the Rule 56.1 statements accurately reflect the evidence, we have relied only on those few Rule 56.1 statements of fact on which the parties explicitly agree, and have otherwise summarized the facts based on our own review of the proffered evidence." (Report 7 n. 3.)

"The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without

10

guidance from the parties." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001).  Plaintiffs do not point to any piece of evidence that the Report overlooked but instead want their 56.1 Statement to have more persuasive value.  Their Statement, however, "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record," and if the evidence does not support those assertions, "they should be disregarded and the record reviewed independently."  Id. Accordingly, Magistrate Judge Dolinger conducted an appropriate review of the record and Plaintiffs' 56.1 Statement.

4. Supplemental Jurisdiction

Plaintiffs request that this Court should exercise supplemental jurisdiction over their state law claims.  (Pls.' Obj. 13-14.) Because this Court adopts the Report's recommendation to grant Defendants' Motion for Summary Judgment with respect to Plaintiffs' federal law claims, Plaintiffs' request is denied.  Magistrate Judge Dolinger correctly recommended to decline the exercise supplemental jurisdiction. See New York Mercantile Exch., Inc. v. IntercontinentalExchange, Inc., 497 F.3d 109, 119 (2d Cir. 2009) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (citation omitted)).

III. CONCLUSION

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Michael H. Dolinger, dated September 5, 2013, the Court APPROVES, ADOPTS, and RATIFIES the Report in its entirety. Defendants' Motion for Summary Judgment is GRANTED. Accordingly, this Court finds (1) Plaintiffs' federal law claims premised on abuse and failure to report abuse are dismissed with prejudice; (2) Plaintiff's federal law claims concerning W.A.'s involved in mainstream classroom activities, purported efforts to remove services, the availability of her assistive communication devise, the sufficiency of the September 2008 CSE meeting, and the DOE's initial non-disclosure of its internal investigatory report are dismissed without prejudice for lack of exhaustion; and (3) Plaintiffs' state law claims are dismissed without prejudice because this Court declines to exercise supplemental jurisdiction. The Clerk of the Court is directed to close the docket in this case.

SO ORDERED.

Dated:   New York, New York

February 25, 2014

*Deborah A. Batts*
Deborah A. Batts
United States District Judge